IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**TOMMIEL QUEN PONTA CLAIBORNE**                                             **PLAINTIFF**

**VERSUS**                                                            **CIVIL ACTION NO. 5:14cv28-DCB-MTP**

**JUDGE LAMAR PICKARD, LISA M. ROSS,**
**M.A. BASS, and ALEXANDER MARTIN**                            **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte*, for consideration of dismissal. *Pro se* Plaintiff Tommiel Quen Ponta Claiborne is incarcerated with the Mississippi Department of Corrections. He brings this action, pursuant to 42 U.S.C. § 1983 and state law, challenging the length of his pretrial detention and his recent conviction. The Court has considered and liberally construed the pleadings. As set forth below, the Court holds the case should be dismissed.

### BACKGROUND

On April 2, 2014, Plaintiff filed the instant action. When he first brought this lawsuit, he was awaiting trial for murder at the Claiborne County Detention Center. He complained that he was discriminated against, because he had to wait two years for a pretrial mental evaluation, while another detainee, who is a doctor, had only to wait less than two months. On January 25, 2012, Defendant Judge Lamar Pickard ordered Plaintiff's mental evaluation to be conducted at the Mississippi State Hospital. However, Plaintiff was not taken to the hospital until February of 2014. For this, Plaintiff sues Judge Pickard, the presiding trial judge in the criminal case. Plaintiff complains that Judge Pickard, "ruled that maybe it was the state hospital that was over worked or misplaced the paper work. But the [sic] failed to show proof that it was the state hospital that made the mistake. . . ." (Compl. at 5).

On May 15, 2014, Plaintiff filed a Response [11] to the Order Requiring Plaintiff to

Respond [9] to certain inquiries regarding the Complaint.  Plaintiff's Response alleges that he has recently been convicted and sentenced to life imprisonment.  He complains that he was denied a fair and speedy trial and the effective assistance of counsel.  Specifically, Plaintiff contends:

> On May 6, 2014, I went to tr[ia]l.  But my alibi defense witness disappeared and was not available to testify on my behalf.  Because it took soo [sic] long to get mental evaluation its cause [sic] my defense witness disappeared [sic] and I couldn't have a fair tr[ia]l d[ue] to the d[i]s[c]rimination on getting a bed late a[t] the state hospital.

(Resp. at 2).  These claims are brought against Judge Pickard, defense counsel Lisa M. Ross and M.A. Bass, and District Attorney Alexander Martin.  Plaintiff claims it was their fault that he did not get a bed at the state mental hospital any earlier than he did, which allegedly delayed his trial, caused the loss of a witness, and resulted in the conviction.  Plaintiff further asserts that Judge Pickard caused a delay by not timely appointing Bass, Plaintiff's second attorney, after Ross, his first attorney, withdrew.  Lastly, Plaintiff asserts additional unspecified claims of ineffective assistance of counsel against both Bass and Ross.  Plaintiff seeks "any and all relief the court may deem appropriate."  (Compl. at 4).

## DISCUSSION

Plaintiff brings equal protection, speedy trial, and ineffective assistance of counsel claims under § 1983.  He likewise brings state law claims for the denial of a speedy trial and for legal malpractice.

SECTION 1983

The Court first examines the federal claims.  The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court.  One of the provisions reads,

"the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Plaintiff to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under § 1915.

A § 1983 claim that challenges the fact or duration of a state conviction or sentence "is barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). In such a case, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Where success on the § 1983 claim "will not necessarily imply the invalidity of confinement or shorten its duration," then the action may proceed. *Wilkinson*, 544 U.S. at 82.

Plaintiff claims he was convicted in violation of his right to a speedy trial and the ineffective assistance of counsel.  Plaintiff also claims he was denied his right to a speedy trial because he was not a doctor.  As a result of this alleged discrimination, Plaintiff claims his alibi witness disappeared, and, consequently, Plaintiff was convicted.  Success on any one of these claims will necessarily invalidate his state court conviction.  Therefore, the case may only proceed if Plaintiff proves the conviction has already been invalidated.  He admits that the conviction was recent and still stands.

Because the conviction has not yet been invalidated, Plaintiff is precluded by *Heck* from challenging the conviction in this civil action at this time.  The § 1983 claims are dismissed with prejudice for failure to state a claim, until such time as Plaintiff successfully has the conviction invalidated, via appeal, post-conviction relief, habeas corpus, or otherwise.  *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).  This dismissal counts as a strike under § 1915(g). *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

STATE LAW CLAIMS

Plaintiff also asserts state law claims for a speedy trial violation and legal malpractice. These state law claims invoke the Court's supplemental jurisdiction.  28 U.S.C. § 1367(a).  This jurisdiction may be declined if "the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  Since the Court has dismissed the § 1983 claims, it declines jurisdiction over the state law claims.  They are dismissed without prejudice.

IT IS THEREFORE ORDERED AND ADJUDGED that, for the reasons stated above, the 42 U.S.C. § 1983 claims should be and are hereby dismissed with prejudice for failure to state a claim until such time as *pro se* Plaintiff Tommiel Quen Ponta Claiborne demonstrates that

the state conviction has been invalidated, via appeal, post-conviction relief, habeas corpus, or otherwise.  This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).  The state law claims are dismissed without prejudice.  A separate Final Judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

So ordered and adjudged, this the 26th day of May, 2014.

   s/David Bramlette
UNITED STATES DISTRICT JUDGE